UNION TOWNSHIP TEACHERS ASSOCIATION, ON BEHALF OF: ROBERT ALLEN, GERARD ANDERSON, EDWARD BEACH, JOSEPH CALIGUIRE, SALVATORE CICCOTELLI, NELSON CLAYPOOLE, GENE CONSALES, PAUL CORRIGAN, JOHN D'ALESSIO, ALBERT D'AMATO, JOSEPH DiMATTIO, ROBERT DREW, ROBERT FADDEN, LOUIS FARANDA, HOWARD FENTON, FRANK GARGANO, JOHN GARRABRANT, ERNEST GEBLER, SIDNEY GORDON, ROBERT GREBE, ALBERT GREENBERG, PHILIP GUIDA, ROBERT HASSARD, THERESA HATALOSKY, WILLIAM HAZELTON, GEORGE HOPKINS, JOHN KNODEL, JEROME KRACHT, GORDON LeMATTY, ROBERT LINZ, WILLIAM MARVIN, GERARD MATTE, LAURA MELEN, NICHOLAS NUGENT, ROBERT PATTON, KENNETH PINNEY, JACK ROLAND, GOODROW RYAN, ANTHONY SAPARITO, JOHN SHAFFER, WALTER SHALLCROSS, WILLIAM SHORTLIDGE, SEYMOUR SIMON, HERBERT SMITH, SIDNEY SMITH, EMANUEL SOLOMON, DONALD SUMMERKAMP, HOWARD STEIN, MICHAEL STRANO, FLORENCE SULLIVAN, JACK TRAGER, KERMIT VOGEL, JOSEPH WALSH, MARTIN ZWILLMAN, AND ALL OTHERS SIMILARLY SITUATED, APPELLANTS, v. BOARD OF EDUCATION OF TOWNSHIP OF UNION, UNION COUNTY, RESPONDENT.

Argued February 8, 1982—Decided June 24, 1982.

*Sanford R. Oxfeld* argued the cause for appellants (*Rothbard, Harris & Oxfeld*, attorneys).

*Howard Schwartz* argued the cause for respondent.

*Jaynee LaVecchia*, Deputy Attorney General, argued the cause for respondent State Board of Education (*Irwin I. Kimmelman*, Attorney General of New Jersey, attorney).

*Paula A. Mullaly*, Associate Counsel, submitted a letter in lieu of brief on behalf of *amicus curiae* New Jersey School Boards Association (*Christine D. Weger*, General Counsel, attorney).

The opinion of the Court was delivered by

SCHREIBER, J.

The Union Township Teachers' Association (Association) filed a petition with the Commissioner of Education requesting that the Board of Education of the Township of Union be ordered to credit 54 teachers with the time they had served in the military, pursuant to *N.J.S.A.* 18A:29–11, and to award them back pay accordingly. The Commissioner, based on the pleadings, some documents and the briefs, held that the defenses of statute of limitations and laches were inapplicable. He also adopted a formula whereby "military service of six months or more shall be construed to be one year of salary credit." Applying that formula, the Commissioner dismissed 29 claims and awarded back pay of $135,385 to the 25 qualifying teachers.

The State Board of Education held that the statute of limitations barred all claims for years earlier than the six years before the petition was filed, and held that recovery for those years within the statute was barred because of equitable estoppel. It also rejected the Commissioner's formula for rounding off less than a full year's service.

Both the Association and the Board appealed to the Appellate Division. The Appellate Division affirmed that part of the judgment which denied the teachers any back pay, holding that both the statute of limitations and the doctrine of laches applied. However, the teachers were to be allowed prospective application of their military service credit. It concluded that the Commissioner's method of computing credit for fractional years of military service was correct and also remanded for further hearing 26 of the 29 claims which had been dismissed, because the record was unclear with respect to the military service credit allowed for these teachers.

We granted the Association's petition for certification which raised two issues: the applicability of the doctrine of laches and the statute of limitations. Those issues have been decided this day in the case of *Lavin v. Board of Education of Hackensack,* 90 *N.J.* 145 (1982). The judgment of the Appellate Division is

therefore affirmed, as modified herein, and the cause remanded to the Commissioner to determine the open military service question referred to above and the calculation of the amount prospectively due.

PASHMAN, J., dissenting. ,

I dissent from the Court's decision regarding the applicability of laches and the contract statute of limitations to this case, for the reasons expressed in my dissent in *Lavin v. Board of Education of Hackensack*, 90 *N.J.* 145 (1982). I would hold that the statute of limitations applies, but not laches.

Justice CLIFFORD and Justice HANDLER join in this opinion.

*For modification and affirmance* —Chief Justice WILENTZ and Justices SCHREIBER, POLLOCK and O'HERN—4.

*For reversal and remandment* —Justices PASHMAN, CLIFFORD and HANDLER—3.